UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

LAWRENCE MCBRADY, )
)
    Plaintiff, )
)
v. )
)
SYNDERO, INC., DIRECT BRANDS, INC., BUENA VISTA )
CATALOGUE CO., STEEL VAULT SECURITY LLC, )
BD BOOK CLUBS G.P. d/b/a BOOKSPAN, NETFLIX, INC. )
BLOCKBUSTER LLC, DISCOVER FINANCIAL SERVICES, )
ADEPT RESULTS INC., EYEPOTHESIS LLC, GAMEFLY INC., )
ICONIC LABS LLC, VIDEO PROFESSOR INC., GLOBAL )
TRAVEL INTERNATIONAL INC., )
and JOHN DOES 1-99, )
)
    Defendants, )

## Complaint

Plaintiff, LAWRENCE MCBRADY, by his attorney, Mark T. Lavery, brings this Complaint against Defendants and JOHN DOES 1-99 to remedy and enjoin Defendants' unlawful "Giftcard" text message marketing practices in violation of the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), the Illinois Prizes and Gifts Act 815 ILCS 525/40 and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10a (ICFA). Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences and investigation conducted by his own attorney and as to all other matters those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

    1.    Plaintiff Lawrence McBrady is a citizen of the state of Illinois.

    2.    On May 28, 2012 at 12:45 p.m., Plaintiff received a call from 1-901-606-7581 through as SMS written text, "Your entry last month has WON! Go to

http://bit.ly/KXI9Se and enter your winning code: 1122 to claim your free $1,000 Best Buy Giftcard!""

3. On August 2, 2012, Plaintiff received a telephone call in the form of an "artificial" voice through an SMS written text from 1-312-208-7002 at 11:36 A.M. The called stated, "Congratulations your entry in last months drawing won you a FREE $1,000 Target Giftcard. Enter 312 at www.target.com.tqwe.biz to tell us where to ship it.

4. Plaintiff attempted performed in response to both unilateral contract offers but was not able to claim consideration for performance of the promised $1,000 Best Buy Giftcard or the $1,000 Target Giftcard because the offers required additional consideration in the form of purchases in order to redeem the prize.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1332 because he brings a claim under the TCPA at 47 U.S.C. § 227. Plaintiff suffered actual damages and pecuniary loss because he performed under a unilateral contract and was not paid the offered consideration of a $1000 BestBuy Giftcard or a $1000 Target Giftcard. Plaintiff performed under the terms of the unilateral contract offer by clicking the links and entering the requested codes. Such contract damages and pecuniary loss give rise to an actual injury and a case or controversy under Article III of the U.S. Constitution.

6. The written offer sent via a call through an SMS was made in conjunction with a "Reward Offer".

7. The "Reward Offer" details reveal that the calls were made on behalf of and "sponsored" by Netflix, Onlingo, Columbia House DVD, BuyLow Auction, Quality Paperback Book Club, Eternal Minerals, ColoSLIM, Eyepothesis,

NationalCreditReport.com, ReCharge Energy Drink, Simple Brite, Blockbuster, Discover, Purity Mineral, GameFly, Disney Movie Club, Dermitage, Video Professor, Goji Berry Now, Journey Pass, Rapid Reading Institute, Mind Body, Age Invisible and BellaBrite Teeth Whitening.

8. Defendant Netflix Inc. operates Netflix.

9. Defendant Syndero Inc. operates Onlingo.

10. Defendant Direct Brands Inc. operates Columbia House DVD.

11. Defendant BD Book Clubs G.P. doing business as Bookspan operates Quality Paperback Book Club.

12. Defendant Adept Results Inc. operates Coloslim.

13. Defendant Eyepothesis LLC operates Eyepothesis.

14. Defendant Steel Vault Security LLC operates NationalCreditReport.com.

15. Defendant Blockbuster LLC operates Blockbuster.

16. Defendant Discover Financial Services operates Discover credit card.

17. Defendant Gamefly Inc. operates Gamefly.

18. Defendant Buena Vista Catalogue Co. operates Disney Movie Club.

19. Defendant Iconic Labs LLC operates Dermitage.

20. Defendant Video Professor Inc. operates Video Professor.

21. Defendant Global Travel International Inc. operates Journey Pass.

22. The calls made to Plaintiff on May 28 and August 2 of 2012 were made on behalf of Defendants.

23. This Court has personal jurisdiction over the Defendants because they deliberately exploit the Illinois market through affiliate marketing programs and

advertising in Illinois. Defendants regularly advertise and do business with Illinois consumers.

24. Venue is proper in this District under 28 U.S.C. § 1391(a) as the injury arose in this District. Venue is additionally proper because Defendants transact significant business in this District, including exploiting consumers in this district.

25. The SMS messages were calls made on behalf of Defendants and also constituted written prize offers under Illinois state law.

26. Defendants were "sponsors" of the written prize offers.

**COUNT I - TCPA CLAIM FOR ACTUAL AND STATUTORY DAMAGES AND INJUNCTIVE RELIEF**

27. Plaintiff reincorporates paragraphs 1-26 into this claim.

28. The Telephone Consumer Protection Act provides for injunctive relief to consumers to stop unlawful calls. A SMS text message is a call under the TCPA. A SMS call is also a type of "artificial voice".

29. The call in the form of a SMS text message made to Plaintiff was made of behalf of Defendants. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

30. The call sent an artificial message to Plaintiff. A SMS text message communicates the voice of the caller in written text and such voice was artificial in the subject message.

31. On information and belief, the call was made using SMS short code and equipment that was capable of being an automated telephone dialing system. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

32. On information and belief, the equipment used to make the subject call had the capacity to store or produce telephone numbers to be called, using a random number generator or sequential number generator and dial such numbers. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

33. The call sent was from an institutional sender and without any personalization.

34. The subject call was made for telemarketing purposes.

35. There was no reason to call Plaintiff other than for telemarketing purposes.

36. There is a significant likelihood that Plaintiff will be called again on behalf of Defendants.

37. On information and belief, the phone number of Plaintiff resides in a database that can be used to generate future calls using a random number generator or sequential number generator and dial such numbers. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

38. On information and belief, When Plaintiff performed according to the terms of the SMS text message unilateral contract prize offer by clicking such action was recorded using technology including but not limited to cookies technology. Those facts will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

39. Plaintiff who performed and clicked the prize claim link is likely to be subjected to future calls in violation of the TCPA.

40. Defendant's violation of the TCPA caused Plaintiff actual injury in the form of contract damages.

41. Based upon press reports, the scheme is a willful and systematic deceptive marketing campaign that intentionally violates the TCPA that is likely to be repeated.

## COUNT II - CLAIM UNDER
## ILLINOIS PRIZES AND GIFTS ACT

42. Plaintiff reincorporates paragraphs 1-41 into this claim.

43. Plaintiff was sent a written prize offers in Illinois.

44. The subject written prize offers required payment of consideration as a condition of awarding the prize.

45. The subject written prize offers were false and misleading because the offer "passed off" as being from or associated with Target and Best Buy.

46. The offer did not clearly and conspicuously disclose all of the true names of the sponsors and the addresses of the sponsors.

47. The offer did not disclose that no purchase is necessary to enter such offer.

48. The offer did not disclose that a purchase will not improve the person's chance of winning.

49. The SMS text message offer did not disclose any limitations on eligibility.

50. Plaintiff suffered loss because he performed under the terms of the unilateral contract prize offer and he was never given any $1000 Giftcard.

51. Defendants sponsored the written prize offer sent to Plaintiff. See Exhibit A.

52. Defendant sponsors proximately caused pecuniary loss to Plaintiff.

## COUNT II - ICFA CLAIM FOR ACTUAL AND PUNITIVE DAMAGES AND INJUNCTIVE RELIEF

53. Plaintiff reincorporates paragraphs 1-52 into this claim.

54. Defendants are engaged in an unfair practice in violation of the ICFA that (1) offends public policy established by the TCPA and Prizes and Gifts Act; (2) is oppressive because Plaintiff and other consumers have no ability to prevent receiving the text messages; (3) causes consumers substantial injury because Plaintiff and other consumers are induced to perform but are not given the prize as required by the law and (4) Defendants' marketing efforts are unethical and immoral.

55. Plaintiff suffered damages in the amount of $2,000 as a proximate result of Defendants's unfair practices.

56. Plaintiff is likely to be subjected to Defendants' marketing practices in the future and suffer future injury based upon press reports that this scheme is continuing.

57. Punitive Damages in the amount of at least $20,000 are reasonable. Similar comparable civil penalties have been assessed against marketers who engage in this type of conduct. See "PRESLEY ISSUES $20,000 FINE AGAINST WORLDWIDE COMMERCE ASSOCIATES, LLC FOR NO-CALL VIOLATIONS". See www.psc.state.ms.us.

**REQUESTS FOR RELIEF**

WHEREFORE, Lawrence McBrady requests that this Court enter judgment in his favor and against Defendants and:

A.  Award twice the amount of the pecuniary loss, attorney's fees and costs under the Illinois Prizes and Gifts Act.

B.  Award actual damages, punitive damages of at least $20,000, injunctive and declaratory relief, attorney's fees and costs under ICFA.

C.  Award actual damages, $1500 in statutory damages and injunctive relief under the TCPA;  and

D.  Award all other appropriate relief.

**NOTICE OF STATEMENT OF DAMAGES**

**DEFENDANTS ARE ON NOTICE THAT IF THEY DEFAULT PLAINTIFF WILL SEEK A JUDGMENT INCLUDING THE FOLLOWING DAMAGES:**

1. **$2,000 IN ACTUAL DAMAGES;**
2. **$3,000 IN TCPA STATUTORY DAMAGES;**
3. **$4,000 FOR TWICE THE AMOUNT OF PECUNIARY LOSS UNDER ILLINOIS PRIZES AND GIFTS ACT;**
4. **$20,000 IN PUNITIVE DAMAGES;**

**Plaintiff will seek a default judgment of $29,000 against each Defendant that defaults in this case.**

Plaintiff,
Lawrence McBrady

\_\_/s/  Mark  T.  Lavery_____
By His Attorney

Mark Lavery
733 Lee St.
Des Plaines, IL 60016
847-813-7771
mark@laverylawfirm.com